CHANDLER, J.,
dissenting:
¶ 13. The majority finds that the trial judge erred in ruling that Baine could not call defendant Mitchell and impeach her with evidence of her 1997 conviction for embezzlement. The majority also finds that the trial judge erred in refusing to allow testimony of the River Oak’s bookkeeper linking the budgetary problems of the corporation to the sole shareholder of River Oaks rather than Baine. Despite the omission of this highly probative evidence that the majority agrees is admissible, the majority views the judge’s errors as harmless. I respectfully dissent.
¶ 14. But for these two errors, the jury in this case might have reached a different verdict. Kaiser Investments, Inc. v. Linn Agriprises, Inc., 538 So.2d 409, 417 (Miss.1989). For that reason, I believe we should reverse the lower court decision and afford a jury an opportunity to render a verdict after hearing all of the evidence with probative value in this case.
¶ 15. “Exclusion of evidence of probative value constitutes reversible error where the substantial rights of the appellant are prejudiced.” Id.; See Transcontinental Gas v. State Oil & Gas Board, 457 So.2d 1298 (Miss.1984); Planters Bank v. Garrott, 239 Miss. 248, 122 So.2d 256 (1960). The Supreme Court reversed a lower court ruling in Kaiser, stating that evidence which was omitted was highly probative and “a different verdict might have been reached had the jury” heard that evidence. Kaiser, 538 So.2d at 417 (emphasis added).
¶ 16. It is not this Court’s function to second guess the jury and speculate as to what evidence would cause a jury to arrive at a different verdict. Our duty is to assure that the jury has all of the facts before it, prior to rendering its verdict. A *849 party has a right to present all competent evidence to the jury that might cause the jury to arrive at a different verdict. In this case, however, the most compelling evidence supporting Baine’s theory was erroneously kept from the jury.
¶ 17. Mitchell, who is a defendant in this case, was the acting administrator of River Oaks. Mitchell was the person who fired Baine. Baine is a certified dietitian and was in charge of the kitchen at River Oaks. Mitchell, allegedly, fired Baine for stealing. Mitchell’s credibility was crucial, if the jury were to return a verdict for the defendants. Despite the fact that Mitchell was under house arrest at the time of trial for embezzlement, Baine was not allowed to use evidence of Mitchell’s conviction to impeach her.
¶ 18. River Oaks used the fact that the kitchen was over budget to support its allegation that Baine was stealing from the corporation. Even though Mitchell had admitted to River Oak’s bookkeeper that the sole share holder of River Oaks was the culprit who was misappropriating corporate assets and causing the kitchen to go over budget, that evidence was also kept from the jury. The jury, by a vote of nine to three, returned a verdict for the defendants.
¶ 19. The majority relies on Pham for the proposition that a case may be reversed only when the omitted evidence adversely affects a substantial right of a party. Pham v. State, 716 So.2d 1100, 1102 (Miss.1998), (quoting Terrain Enter. Inc. v. Mockbee, 654 So.2d 1122, 1131 (Miss.1995)). The majority, then, concludes that the omitted evidence in this case did not affect Baine’s substantial rights. I reach a different conclusion.
¶ 20. Had the jury known of Mitchell’s prior conviction for embezzlement, and had the jury been aware of the evidence linking the River Oaks’s sole shareholder to the budgetary problems, the jury would have certainly viewed the credibility of these key players in a totally different light. If this highly probative evidence had been available to the jury, the nine to three verdict might have been different.
¶ 21. Omitting this compelling evidence caused substantial harm to Baine. I believe Baine is entitled to a decision by a jury who has heard all of the highly probative evidence in this case.
KING, P.J., PAYNE, BRIDGES, and IRVING, JJ., join this separate written opinion.